IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John James Bell, ) | |
| ) | Civil Action No. 8:10-398-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Doris Ann Cooke, et.al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Plaintiff's Motions for Appointment of Counsel (Dkt. # 36) and for Permission to Serve Interrogatories (Dkt. # 37).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

This is the Plaintiff's second motion for the appointment of counsel. (See Dkt. # 19.) The undersigned denied his first motion in an order filed April 6, 2010. (Dkt. # 25.) As stated in that order, there is no constitutional right to have counsel appointed in a civil case. *Whisenant v.Yaum*, 739 F.2d 160, 163 (4th Cir.1984). This court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge,* 451 F.2d 1201, 1203 (4th Cir.1971). The court

may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors-the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond,* 983 F.2d 1055 (4th Cir.1993) (*quoting Whisenant,* 739 F.2d at 163). After a second review of the pleadings and documents filed in this case, this court again finds that this is not the type of case which presents factors that clearly reflect a need for the plaintiffs to have counsel appointed.

The Plaintiff has also filed a Motion for Permission to Serve Interrogatories (Dkt. # 37). It is unclear whether he has actually served any discovery requests on the Defendants. However, it appears the Plaintiff is seeking discovery from the Defendants who at this point have not yet been served with the Complaint. The Plaintiff does not have to file discovery requests with the Court. He should serve such requests on the Defendants once they are served. Therefore, these motions (Dkt. # 36 and 37) are DENIED.

IT IS SO ORDERED.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

April 26, 2010
Greenville, South Carolina