IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION


John James Bell,                          )
                                          )    Civil Action No. 8:10-398-HFF-BHH
                    Plaintiff,            )
                                          )
v.                                        )    **REPORT AND RECOMMENDATION**
                                          )    **OF MAGISTRATE JUDGE**
                                          )
Doris Ann Cooke, et.al.,                  )
                                          )
                    Defendants.           )
                                          )

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.  This matter is before the Court on the Plaintiff's Motion for Default and for an Injunction.  (Dkt. # 37.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion, the Plaintiff appears to argue that a default judgment should be entered because the Defendants have not filed an answer and they have failed to answer his discovery requests.  (Mot. for Default at 2-3.)   The summons in this case were forwarded to the United States Marshals Office for service on March 10, 2010. (See Dkt. # 13.)  As of this date, the docket does not reflect that the Defendants have been yet been served with the Complaint and they are not currently in default. Therefore, it is recommended that the Plaintiff's motion for a default judgment be denied.

To the extent that the Plaintiff is seeking a motion for an injunction, (Dkt. # 35 -

Pl.'s Mot. for Default at 3), this motion should be denied.  The Plaintiff has not met all four

requirements set forth in *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----,

129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (holding that to obtain injunctive relief, a plaintiff

must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer

irreparable harm in the absence of relief; (3) the balance of equities tips in his favor, and

(4) injunctive relief is in the public interest).  The plaintiff faces a stringent test to prevail

on a prayer for injunctive relief. A plaintiff must make a clear showing that he will likely

succeed on the merits at trial and that he is likely to be irreparably harmed absent

preliminary relief.  *Real Truth About Obama, Inc. v. Fed. Election Comm'n,* 575 F.3d 342,

346-47 (4th Cir. 2009) (*citing Winter*, 129 S.Ct. at 374-76).  In addition, the court must

pay particular regard for the public consequences in employing the extraordinary remedy

of injunction. Id. at 347 (*quoting Winter*, 129 S.Ct. at 376-77). In the court's view, the

Plaintiff has not met his burden and his request for injunctive relief should be denied.

## RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that the Plaintiff's Motion for

Default and for an Injunction (Dkt. # 37)  be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 26, 2010
Greenville, South Carolina


**The Plaintiff's attention is directed to the important notice on the next page.**