IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John James Bell,<br><br>           Plaintiff,<br><br>vs.<br><br>Doris Ann Cooke, R.N.,<br>Dr. M. Beinor, P. Hough,<br>Warden Cecilia Reynolds,<br>and Associate Warden<br>Jennie McKay,<br><br>           Defendants. | Civil Action No.: 8:10-398-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a pro se prisoner, filed this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 on February 16, 2010. Before the court is the Defendants' Motion for Summary Judgment. (Dkt. # 68.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## FACTS

In his Complaint, the Plaintiff alleges that on October 22, 2009, Dr. Kocher, an independent opthamologist, prescribed him sunglasses for glaucoma. (Compl. at 3.)[1] He states that the South Carolina Department of Corrections ("SCDC") gave him a pair of glasses with "brown tinted lenses," which he alleges were not what he was prescribed by Dr. Kocher. *Id.* He states that at his next appointment, he showed Dr. Kocher the glasses he had been given by the SCDC and Dr. Kocher stated that the glasses were not "sunglasses." *Id*. Further, the Plaintiff alleges that on January 27, 2010, Dr. Kocher again

---

[1]The Plaintiff incorrectly refers to Dr. Kocher as Dr. Koch in his complaint.

wrote a prescription for dark grey sunglasses "to prevent eventual blindness from Glacoma (sic)eye disease" but that the Defendant Nurse Doris Cooke ignored Dr. Kocher's order. (Compl. Attach. # 1.)

The Plaintiff also states that in April 2009, his family in Pennsylvania mailed him a pair of sunglasses from Sears and the delivery of the glasses was delayed for several weeks and some of the paper work for the glasses, including the receipt and warranty, was never delivered to him. (Compl. at 3.)

The Plaintiff alleges that the Defendants Nurse Cooke and Dr. Beinor have failed to provide the proper sunglasses for the Plaintiff even though Dr. Kocher ordered them. The Plaintiff alleges that he has complained directly to the Defendants McKay and Reynolds to no avail. The Plaintiff seeks money damages, and injunctive relief in the form of an order requiring the Defendants to comply with Dr. Kocher's medical order, and for Cooke and Hough to be fired from their jobs at the SCDC.

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

2

242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

In his Complaint, the Plaintiff alleges the Defendants have been deliberately indifferent to his serious medical needs. The Defendants contend the Plaintiff has failed to state such a claim. The undersigned agrees.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id*. The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states

3

a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id*. at 104. To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Deliberate indifference is a very high standard. In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle,* 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann,* 906 F.Supp. 1025, 1037 (E.D.Va.1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

Further, mere negligence, malpractice, or incorrect diagnosis is not actionable under § 1983. *Estelle,* 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s]

4

to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *see also Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985).

Reviewing the Plaintiff's medical records, the Plaintiff has been provided treatment for his glaucoma, including visits to the opthamologist Dr. Kocher. (Defs.' Mem. Supp. Summ. J. Mot. Ex. B.) The Plaintiff's medical records show that the Plaintiff currently has and wears the appropriate dark sunglasses. *Id.* In his affidavit, Dr. Jack M. Valpey also describes in detail the medical care provided to the Plaintiff for his eye problems from June 13, 2007, to April 6, 2010. (Defs.' Mem. Supp. Summ. J. Mot. Ex. A.)

The Plaintiff, however, disagrees about the type of sunglasses he should have been given by the SCDC. As the Plaintiff specifically states in his response to the Defendants' Summary Judgment Motion, the crux of this action is that the SCDC did not provide the Plaintiff with the appropriate glasses ordered by Dr. Kocher; his family did. (Pl.'s Mem. Opp. Summ. J. Mot. at 7; 17-18.) The Plaintiff argues that he is a ward of the State and not his family. *Id.*

The Plaintiff may not agree with the treatment rendered to him by the SCDC or the efficacy of the same, but it cannot be said that he was not provided medical treatment, or that the medical staff was deliberately indifferent to his medical and serious health needs. If indeed, he was provided improper medical care, at most this would give rise to a claim of negligence, which is not actionable under § 1983.

There is also ample evidence showing that the decision not to give the Plaintiff darker glasses was based on reasoned medical judgment and valid security concerns rather than an attempt to deliberately cause the Plaintiff suffering. *See Mitchell v. Sanders,* 2010 WL 2765639 (E.D.Cal. 2010). An inmate's "mere disagreement over the proper treatment does not create a constitutional claim. As long as the treatment given is

5

adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." See *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.1977) (holding "[t]he courts will not intervene upon allegations of mere negligence, mistake or difference of opinion"). Furthermore, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed," *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1188 (11th Cir. 1994), which the Plaintiff has not done here.[2]

Accordingly, based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment (Dkt. # 68) be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 18, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[2]The undersigned notes that the Plaintiff also questions the 16-day delay in his receipt of the glasses which he says were overnighted to him by his family. However, the medical records contain a notation that the glasses sent to the Plaintiff by his family were sent to him at the Lieber Correctional Institution apparently after he had been transferred to the Kershaw Correctional Institution. (Defs.' Mem. Supp. Summ. J. Mot. Attach. - Pl.'s Med. Records at 20; Pl.'s Mem. Opp. Summ. J. Mot. at 16.)

6